| Case No. | 2:17-cv-02266-CAS(JEMx) | Date | June 5, 2017 |
|---|---|---|---|
| Title | VBCONVERSIONS LLC v. BUILDERTREND SOLUTIONS, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Donald Gindy | James Doroshow |

**Proceedings:**    **DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (Dkt. 14, filed May 8, 2017)**

## I.   INTRODUCTION

On March 23, 2017, plaintiff initiated this action by filing a petition to compel arbitration. Dkt. 1. The Court ordered defendants to file an opposition by May 8, 2017. Dkt. 9. On May 8, 2017, defendants filed a motion to dismiss for lack of personal jurisdiction, or in the alternative, to transfer to the U.S. District Court for the District of Nebraska. Dkt. 14.

Plaintiff filed three documents in response to this motion. On May 11, 2017, plaintiff filed a "motion to grant [the] petition . . . for failure of Defendants to file Required Documents per Local Rule 7-12." Dkt. 15. The same day, plaintiff filed an "objection" to defendants' motion under L.R. 7-3. Dkt. 16. On May 15, 2017, plaintiff filed an opposition to the motion to dismiss. Dkt. 17. On May 16, 2017, defendants responded to plaintiff's "motion" and "objection." Dkt. 20. On May 22, 2017, defendants filed a reply in support of their motion to dismiss. Dkt. 24.

For the reasons that follow, the Court concludes that plaintiff's May 11, 2017 filings should be stricken, that defendants are subject to this Court's personal jurisdiction, and that the matter should be transferred to the District of Nebraska.

## II.   BACKGROUND

Plaintiff is a California limited liability company with its principal place of business in Santa Monica. Dkt. 1 ¶ 3. Defendant Buildertrend Solutions, Inc. ("BSI") is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-cv-02266-CAS(JEMx) | Date | June 5, 2017 |
|---|---|---|---|
| Title | VBCONVERSIONS LLC v. BUILDERTREND SOLUTIONS, INC. ET AL. | | |

a Nebraska corporation with its principal place of business in Omaha. Id. ¶ 4. At all relevant times, defendants Dan Patten and Sam Kirkland were employed as applications developers at BSI. Id. ¶¶ 5–6.

Plaintiff owns the copyright to a software called VB.Net to C# Convertor, Version 4.0 (the "Program"), which is used to convert the Visual Basic programming language into the C# programming language. Id. at 1. Plaintiff registered this copyright with the Copyright Office on May 18, 2016. Id. ¶ 11. Plaintiff licenses the copyright on its website, vbconversions.com. Id. ¶ 12. The website allows users to download a free trial version, which they can use for 15 days to convert up to 2,000 lines of code. Id. If the user wishes to continue using the program after the free trial has expired, he or she must purchase a registration code. Id.

A user who wishes to download the free trial must first affirm the End User Licensing Agreement ("EULA"). Id. Section 8 of the EULA, provides, in pertinent part:

> Any controversy or claim arising out of or relating to this License Agreement, or the breach thereof, shall be settled first by mediation, if mediation is not successful, by arbitration, both administered by ADR services . . . . The license shall be interpreted in accordance with the laws of the State of California, exclusive of its conflict of laws provisions. The parties waive and give up objections to the Personal Jurisdiction of the mediation and arbitration facility. . . .
>
> If a court shall find that the above mentioned mediation and arbitration provision is inapplicable to any party it is agreed and acknowledged that the sole and exclusive venue for resolution of such disputes shall be the Superior Court for the County of Los Angeles or the United States District Court for the Central District of California. This EULA shall be deemed to have been executed within the State of California . . . . It shall be construed in accordance with and governed by the laws of the State of California without regard to conflict of law principles thereof. The parties hereto expressly agree to be subject to the personal jurisdiction of the above mentioned courts.

Dkt. 1-2 at 9–11.

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:17-cv-02266-CAS(JEMx) | Date | June 5, 2017 |
|---|---|---|---|
| Title | VBCONVERSIONS LLC v. BUILDERTREND SOLUTIONS, INC. ET AL. | | |

Plaintiff alleges that defendant Patten accessed vbconversions.com on September 17, 2016, affirmed the EULA, and downloaded a trial version of the program. Dkt. 1 ¶ 14. "Once within the Program, Patten entered an unauthorized registration key which had the effect of bypassing the legitimate confidential registration code and unlock[ing] the Program to unlimited use." Id. Plaintiff further alleges that defendant Kirkland accessed vbconversions.com on September 19, 2016, affirmed the EULA, and downloaded a trial version of the Program. Id. ¶ 18. He apparently used an unauthorized registration key as well. Id. ¶ 19. Together, the two defendants converted nearly a million lines of code. Id. ¶ 21. Plaintiff alleges that "this work was to further business of their employer," BSI. Id. ¶ 22. Plaintiff seeks to compel arbitration of its claims against Patten, Kirkland, and BSI.

On March 13, 2017, BSI filed a complaint in Buildertrend Solutions, Inc. v. VBConversions, LLC, No. 17-cv-00079-JPB-SMB (D. Neb), seeking a declaratory judgment that it is not liable for any act of copyright infringement committed by Patten or Kirkland. Dkt. 1-1. Plaintiff filed this action ten days later. Dkt. 1.

### III. DISCUSSION

#### A. March 11, 2017 Filings

On May 11, 2017, plaintiff filed a "motion to grant [the] petition" to compel arbitration "for failure of Defendants to file Required Documents per Local Rule 7-12"[1]. Dkt. 15. Plaintiff argues that, because the Court ordered defendant to file an "opposition" by May 8, 2017 (see Dkt. 9), and defendant instead filed a motion to dismiss on that date, plaintiff's petition should be treated as uncontested. Dkt. 15. That contention is entirely without merit. A defendant is entitled to contest the existence of personal jurisdiction before setting forth its views on the merits of the case. Defendant's filing of a motion to dismiss for lack of personal jurisdiction satisfied the Court's order requiring an opposition by May 8, 2017. Plaintiff's motion is therefore denied.

---

[1] Local Rule 7-12 provides: "The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:17-cv-02266-CAS(JEMx) | Date | June 5, 2017 |
|---|---|---|---|
| Title | VBCONVERSIONS LLC v. BUILDERTREND SOLUTIONS, INC. ET AL. | | |

Also on May 11, 2017, plaintiff filed an objection to defendants' motion under Local Rule 7-3. Dkt. 16. Local Rule 7-3 requires that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." The rule further provides that the conference shall occur five days before the filing of a motion to dismiss. Plaintiff's sole objection is that defendants filed their motion to dismiss the same day as the Local Rule 7-3 conference. Plaintiff does not identify any prejudice that resulted from defendant's early filing of its motion. Accordingly, the objection is hereby overruled. Accord Sound N Light Animatronics Co., LTD v. Cloud b, Inc., No. 16-cv-05271-GHK-JPR, 2016 WL 7635950, at *3 (C.D. Cal. Nov. 10, 2016) (excusing violation of Local Rule 7-3 because non-movant "d[id] not allege that it has suffered any prejudice as a result of [the] violation").

### B. Personal Jurisdiction

Personal jurisdiction over a party can be predicated on that party's consent. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 n.14 (1985). Such consent is often established by a forum-selection clause, a contractual provision in which the parties "stipulate in advance to submit their controversies for resolution within a particular jurisdiction." Id. A forum-selection clause gives rise to personal jurisdiction if (1) the clause is enforceable as a matter of state contract law and (2) its application is consistent with due process. See id. A forum-selection clause is enforceable as a matter of California law "so long as they are procured freely and voluntarily, with the place chosen having some logical nexus to one of the parties or the dispute, and so long as California consumers will not find their substantial legal rights significantly impaired by their enforcement." Am. Online, Inc. v. Sup. Ct., 90 Cal. App. 4th 1, 12 (2001). Due process is satisfied so long as the clause has been "obtained through freely negotiated agreements" and its terms "are not unreasonable and unjust." Burger King, 471 U.S. at 472 n.14 (citation and internal quotation marks omitted). In practice, there is substantial overlap between the state-law and due process inquiries.

Before downloading the Program, defendants Patten and Kirkland agreed to the terms of the EULA. Dkt. 1, ¶¶ 14, 18. That agreement provides that "the sole and exclusive venue for resolution of" any disputes that cannot be subject to arbitration "shall be the Superior Court for the County of Los Angeles or the United States District Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-cv-02266-CAS(JEMx) | Date | June 5, 2017 |
|---|---|---|---|
| Title | VBCONVERSIONS LLC v. BUILDERTREND SOLUTIONS, INC. ET AL. | | |

for the Central District of California." Dkt. 1-2 at 11. Moreover, "[t]he parties . . . expressly agree[d] to be subject to the personal jurisdiction of the above mentioned courts." Id. Plaintiff argues that the EULA establishes Patten and Kirkland's consent to personal jurisdiction before this Court. Dkt. 1 at 4.[2] Defendants argue that the forum-selection clause of the EULA is unenforceable and unconscionable.

Defendants' first argue that the forum-selection clause is unenforceable because plaintiff cancelled the EULA. Plaintiff disputes that it cancelled the agreement, but whether it did so or not is immaterial. "Dispute resolution provisions presumptively survive termination of a contract." Marcotte v. Micros Sys., Inc., No. 14-cv-01372-LB, 2014 WL 4477349, at *9 (N.D. Cal. Sept. 11, 2014) (citing Saleemi v. Gosh Enterprises, Inc., 467 F. App'x 744 (9th Cir. 2012)). That is true of forum-selection clauses as well as arbitration provisions. Id. at *10 ("a forum selection clause survives termination of the contract absent contractual language to the contrary") (quotation marks omitted). There is nothing in the EULA to suggest that the forum-selection clause was intended to expire upon cancellation of the contract.

Next, defendants argue that the forum-selection clause is unenforceable because it amounts to a waiver of their rights under the California Consumer Legal Remedies Act ("CLRA"). The CLRA provides that a consumer who has been injured by an unlawful business practice may bring an action "in the county in which the person against whom it is brought resides, has his or her principal place of business, or is doing business, or in the county where the transaction or any substantial portion thereof occurred." Cal. Civ. Code § 1780(d). The CLRA also includes an anti-waiver provision. Id. § 1751. Defendants argue that the forum-selection clause is invalid because it amounts to a waiver of the right to bring an action "in the county where the transaction or any

---

[2] Plaintiff does not explicitly state the basis for personal jurisdiction over BSI. However, plaintiff alleges that Pattern and Kirkland were acting within the scope of their employment with BSI when they affirmed the EULA. Dkt. 1 ¶¶ 1, 22. Defendants do not dispute these allegations. If these allegations are true, it follows that BSI is bound to the EULA, including the forum-selection clause. See generally Restatement (Third) Of Agency § 6.03 (2006) ("When an agent acting with actual authority makes a contract on behalf of an undisclosed principal . . . unless excluded by the contract, the principal is a party to the contract").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-02266-CAS(JEMx) | Date | June 5, 2017 |
| Title | VBCONVERSIONS LLC v. BUILDERTREND SOLUTIONS, INC. ET AL. | | |

substantial portion thereof occurred." Dkt. 14 at 21–23. Specifically, they contend the CLRA's venue provision gives them the right to commence suit in *Nebraska* because a substantial portion of the transaction occurred there, and that the forum-selection clause would deprive them of that right.

This argument fails for a host of reasons. First, this action does not involve any claims or counterclaims under the CLRA. Second, even if the CLRA were implicated, its venue provision cannot be read to give a consumer the right to commence an action before an out-of-state court. Third, and most importantly, the anti-waiver provision only applies to substantive rights. See Am. Online, 90 Cal. App. 4th at 12. Procedural rights—such as the right to commence suit in a certain county—are waivable. Cf. id. at 19 ("[T]he additional cost or inconvenience necessitated by litigation in the selected forum is not part of the calculus when considering whether a forum selection clause should be enforced.").

Defendants proceed to argue that the forum-selection clause is unenforceable because another provision of the contract—stating that any unauthorized use of the licensed software shall constitute copyright infringement—is unconscionable. Even if that were true, it would not render the forum-selection clause invalid. See Restatement (Second) of Contracts § 208 (1981) (where a contract contains an unconscionable term, the court "may enforce the remainder of the contract without the unconscionable term"); cf. Rent-A-Ctr., W., Inc. v. Jackson, 561 U.S. 63, 70 (2010) ("a party's challenge to another provision of the contract . . . does not prevent a court from enforcing a specific agreement to arbitrate").

Defendants have not shown that the forum-selection clause is unenforceable as a matter of state law. Nor do they argue that due process precludes application of the clause. Accordingly, the Court concludes that the clause is valid, and that defendants are subject to personal jurisdiction in the Central District of California. The motion to dismiss for lack of personal jurisdiction is denied.

### C.     Transfer

"Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." Manuel v. Convergys Corp., 430

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-02266-CAS(JEMx) | Date | June 5, 2017 |
| Title | VBCONVERSIONS LLC v. BUILDERTREND SOLUTIONS, INC. ET AL. | | |

F.3d 1132, 1135 (11th Cir. 2005). An exception to the first-filed rule is warranted if there are "compelling circumstances" that favor giving precedence to the second-filed action. Id. Where the first-filed suit is a declaratory judgment action "filed in apparent anticipation of the other pending proceeding," an exception to the first-filed rule may be warranted. Id. However, "it is the court in which the first-filed action was brought that should decide whether an exception to the first-filed rule applies." Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 557 n.4 (S.D.N.Y. 2000) (collecting cases).

BSI filed a declaratory judgment action against plaintiff in the District of Nebraska on March 13, 2017. Dkt. 1-1. Plaintiff filed this action ten days later. Dkt. 1. The issues in the two actions are identical, and the parties are substantially similar.[3] Accordingly, the first-filed doctrine applies. The Court therefore transfers this case to the District of Nebraska pursuant to 28 U.S.C. § 1404.

## IV. CONCLUSION

Plaintiff's motion to grant [the] petition" to compel arbitration "for failure of Defendants to file Required Documents per Local Rule 7-12" (Dkt. 15) is **DENIED**. Plaintiff's "objection" to defendants' motion to dismiss (Dkt. 16) is **OVERRULED**. Defendants' motion to dismiss for lack of personal jurisdiction (Dkt. 14) is **DENIED**. The matter is **TRANSFERRED** to the District of Nebraska for consolidation with the related matter, Case No. 8:17-cv-00079-JPB-SMB.

IT IS SO ORDERED.

|  | 00 : 01 |
|---|---|
| Initials of Preparer | CMJ |

---

[3] Patten and Kirkland are not parties to the Nebraska action, but that does not preclude application of the first-filed doctrine. See Adoma v. Univ. of Phoenix, Inc., 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010) ("[T]he first-to-file rule does not require strict identity of the parties, but rather substantial similarity.").